IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 7:10-CR-00070-3 |
| v. ) | |
| ) | |
| **DONALD JEROME WHORLEY,** ) | |
| ) | By:  Michael F. Urbanski |
| Defendant                     ) | Chief United States District Judge |

## MEMORANDUM OPINION

This matter is before the court on defendant Donald Jerome Whorley's pro se motion for early termination of supervised release. ECF No. 214. For the reasons stated below, the court **DENIES without prejudice** Whorley's motion.

On April 5, 2011, following entry of a plea agreement, Whorley was found guilty of conspiracy to distribute more than 100 grams of heroin in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). Plea Agreement, ECF No. 74. On June 30, 2011, he was sentenced to a 160-month term of imprisonment to be followed by a 10-year term of supervised release. ECF Nos. 96, 107. On July 2, 2019, Whorley's sentence was reduced to 142 months. ECF No. 209.

Whorley has completed approximately 24 months of his 10-year term of supervised release. While on supervision, he has been employed and also volunteers at a homeless shelter. He has obtained a commercial driver's license and has passed the Tankers and Hazmat endorsement tests. ECF No. 214. In addition, he has obtained a number of certificates related to working for a courier service. ECF No. 214-1.

The court sought input from the United States Probation Officer who supervises Whorley. The officer confirmed that Whorley has done well on supervision. However, the

officer also informed the court that Whorley obtained a $20,000 Paycheck Protection Program (PPP) loan from the government for a business of which the officer was unaware. When the officer tried to obtain documents about the loan from Whorley, he told her that someone else had filled out the loan application for him and he did not have the documentation. He has continued to profess to the officer that he does not know how or why he was able to obtain the money. The probation officer finds Whorley's lack of knowledge or information about the PPP loan troubling.

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), terminate a term of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. The following factors are to be considered: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the United States Sentencing Guidelines; (5) any pertinent policy statement issued by the United States Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities among defendants; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Courts have discretion to grant early termination of supervised release, even when the conditions for termination are met. Folks v. United States, 733 F.Supp.2d 649, 651 (M.D.N.C. 2010). In addition, the inquiry is broader than the individual's conduct. Id. (citing United States v. Pregent, 190 F.3d 279, 282-83 (4th Cir. 1999)). "Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." Id. (quoting United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)). Neither the passage of time nor full compliance with the terms of supervised release are sufficient bases to warrant early termination. Id. at 652 (collecting cases).

Turning to the § 3553(a) factors, the court finds that the nature and circumstances of the offense and the history and characteristics of the defendant weigh against early termination of supervision. According to the Pre-Sentence Investigation Report (PSR), Whorley participated in a drug trafficking conspiracy that distributed heroin in the Western District of Virginia. Search of a storage unit resulted in the discovery of a .22 caliber pistol, 600 bags of heroin, and two marijuana plants. The drugs reportedly were co-owned by Whorley and a co-defendant. After the seizure, Whorley obtained more heroin to distribute. PSR, ECF No. 100 ¶¶ 7-10. In November 2010, a confidential source told investigators that Whorley had been distributing heroin in the area for the past two years. Id. ¶ 13.

Whorley's criminal history began in 1990 when he was 16 years old and culminated in the charges and conviction in this case. Id. at ¶ 29-48. He has spent much of his adult life involved in crime. Both his criminal history and the long-running nature of the drug conspiracy warrant a continued period of supervision.

Looking at the second § 3553(a) factor, the court finds that while Whorley appears to have done well on supervised release, the fact that obtained the PPP loan and has not been forthcoming about the origin of the loan raises questions about his intent with regard to the $20,000. In addition, it is unclear what happened to the proceeds from the loan. This factor weighs against early termination of supervised release to give the probation officer an opportunity to inquire further about the details of the loan.

Regarding the range of supervised release terms for the category of offense committed by Whorley, at the time he was sentenced he faced a 4-year statutory minimum term of supervised release and a maximum of life. Id. at ¶ 117. Given that he was sentenced to a 10-year term and has served only two years, it is reasonable for him to continue supervised release at this time.

Turning to the need to avoid unwarranted sentencing disparities among defendants, two of Whorley's co-defendants were sentenced to 120-month terms of incarceration to be followed by 5-year terms of supervised release. ECF No. 89, 104. A third co-defendant was sentenced to a 125-month term of incarceration to be followed by a 5-year term of supervised release. ECF No. 91. Although the co-defendants' sentences and terms of supervised release were shorter than Whorley's, all the defendants entered into plea agreements and Whorley has not argued that his longer term of supervised release was unduly long compared to those of his codefendants.

None of the remaining § 3553(a) factors weigh either in favor or against early termination of supervised release.

Having considered the § 3553(a) factors and the opinion of the probation officer overseeing Whorley's supervised release, the court **DENIES without prejudice** Whorley's motion for early termination. To be sure, Whorley's accomplishments since his release are impressive. Nevertheless, the probation office has concerns about how and why Whorley secured the PPP loan. Having him continue on supervised release will allow the officer to investigate the circumstances surrounding the loan and determine the best course of action to provide structure and guidance for Whorley and protection for the community.

An appropriate order will be entered.

It is so **ORDERED**.

ENTERED: September 3, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.09.03 12:04:26
-04'00'

_____

Michael F. Urbanski
Chief United States District Judge